PER CURIAM.
The Criminal Procedure Rules Committee, the Rules of Judicial Administration Committee, and the Traffic Court Rules Committee have filed a joint out-of-cycle report proposing amendments to recently adopted Florida Rule of Judicial Administration 2.425 (Minimization of the Filing of Sensitive Information). See Fla. R. Jud. Admin. 2.140(f). The proposals are in response to a request by the Court for the rules committees to “to work together to propose a rule or rules similar to Federal Rule of Criminal Procedure 49.1 (Privacy Protection for Filings Made with the Court) to govern the filing of sensitive personal information in criminal and traffic proceedings.” In re Implementation of Comm. on Privacy and Court Records *116 Recommendations, 78 So.3d 1045, 1051 (Fla.2011). We have jurisdiction and adopt the amendments as proposed.[1]
BACKGROUND
Subdivision (b)(8) of rule 2.425, which the Court adopted on an interim basis, exempts from the minimization requirements of the new rule filings in traffic and criminal proceedings. Id. at 1050. The Court adopted the exemption at the urging of “the Criminal Procedure Rules Committee, prosecutors, and defense attorneys, as well as numerous Florida criminal justice organizations.” Id.[2] However, the Court determined that “filings in criminal and traffic cases contain a large portion of the personal information filed with our courts and a ‘blanket’ exception for those filings would not be necessary if a finely tailored rule can be drafted to govern them” and asked the rules committees to propose such a rule. Id. at 1051. In response to the Court’s request, the rules committees propose amending subdivision (b)(8) to specify what types of documents in criminal and traffic cases are exempt from the requirements of subdivision (a) (Limitations for Court Filings) of the rule.
The Florida Bar Board of Governors unanimously approved the proposed amendments. The Court published them for comment. One comment was filed with the Court, to which the committees filed a joint response. After considering the proposed amendments, the comment, and the committees’ response, we adopt the proposed amendments.
AMENDMENTS
According to the report, amended subdivision (b)(8) of the new rule is modeled after Federal Rule of Criminal Procedure 49.1(b) (Exemptions from the Redaction Requirement). As amended, the subdivision specifies what types of documents in criminal and traffic cases are exempt from the minimization requirements of subdivision (a) of the rule. New subdivisions (b)(8)(A)-(b)(8)(D)[3] incorporate subdivisions (b)(6)-(b)(9) of the federal rule. New subdivisions (b)(8)(E)-(b)(8)(G)[4] do not have counterparts in the federal rule. However, we defer to the committees’ determination that the documents included in these subdivisions should also be exempt from the requirements of the rule. Nevertheless, we ask the Criminal Procedure Rules Committee to monitor the appliea *117 tion of amended subdivision (b)(8) and to report back to the Court by April 1, 2014, with recommendations as to whether the exceptions for filings in criminal and traffic cases can be further narrowed to limit the number of exempted documents.
Accordingly, Florida Rule of Judicial Administration 2.425 is hereby amended as reflected in the appendix to this opinion. New language is underscored; deleted language is stricken through. These amendments shall become effective immediately upon the release of this opinion.
It is so ordered.
POLSTON, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, LABARGA, and PERRY, JJ., concur.
APPENDIX
RULE 2.425 MINIMIZATION OF THE FILING OF SENSITIVE INFORMATION
(a) [No Change]
(b) Exceptions. Subdivision (a) does not apply to the following:
(l)-(7) [No Change]
(8) In tTraffic and criminal proceedings
(A) a pro se filing;
(B) a court filing that is related to a criminal matter or investigation and that is prepared before the filing of a criminal charge or is not filed as part of any docketed criminal case;
(C) an arrest or search warrant or any information in support thereof;
(D) a charging document and an affidavit or other documents filed in support of any charging document, including any driving records;
(E) a statement of particulars;
(F) discovery material introduced into evidence or otherwise filed with the court; and
(G) all information necessary for the proper issuance and execution of a subpoena duces tecum;
(9)-(10) [No Change]
(c)-(e) [No Change]

. See art. V, § 2(a), Fla. Const.

. The Criminal Procedure Rules Committee and criminal justice organizations maintained that much of the information filed in criminal cases that would have to be truncated or redacted under the new rule must be available to defense attorneys, law enforcement, and others in the criminal justice system. They also feared that application of the rule could result in substantial workload issues for prosecutors’ offices which would be required to truncate or redact massive amounts of information routinely contained in arrest affidavits, search warrants, charging documents, traffic citations, police reports, and discovery documents filed with the court. See 78 So.3d at 1051.

. Subdivision (b)(8)(A) exempts pro se filings. Subdivision (b)(8)(B) exempts court filings that are related to criminal matters or investigations and that are prepared before the filing of criminal charges or are not filed as part of any docketed criminal case. Subdivision (b)(8)(C) exempts arrest or search warrants or any information in support thereof. Subdivision (b)(8)(D) exempts charging documents and affidavits or other documents filed in support of any charging document, including any driving records.

.Subdivision (b)(8)(E) exempts statements of particulars. Subdivision (b)(8)(F) exempts discovery materials introduced into evidence or otherwise filed with the court. Subdivision (b)(8)(G) exempts information necessary for the proper issuance and execution of a subpoena duces tecum.